**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4196**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNEST RAYMOND ROBERTS, a/k/a Balla Walla, a/k/a Balowala,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Mary G. Lewis, District Judge. (1:17-cr-00178-MGL-1)

Submitted: October 19, 2018                          Decided: November 13, 2018

Before GREGORY, Chief Judge, KEENAN and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Irmo, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, J. Carra Henderson, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Raymond Roberts appeals his conviction, following a jury trial, for possessing with intent to distribute and distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Roberts contends that the district court abused its discretion by admitting into evidence the crack cocaine that he sold to a confidential informant because the Government did not establish an adequate chain of custody. We affirm.

"We review for abuse of discretion a district court's ruling concerning the admissibility of evidence." *United States v. Cornell*, 780 F.3d 616, 629 (4th Cir. 2015). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "It is up to the jury to decide whether evidence is that which the proponent claims." *United States v. Kaixiang Zhu*, 854 F.3d 247, 257 (4th Cir. 2017) (internal quotation marks omitted). "Establishing a strict chain of custody is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." *United States v. Summers*, 666 F.3d 192, 201 (4th Cir. 2011) (internal quotation marks omitted).

The evidence at trial established that, on February 22, 2016, Roberts sold 26.35 grams of crack cocaine to a confidential informant, who made the purchase at the direction of agents of the South Carolina Law Enforcement Division ("SLED"). After making the purchase, the informant gave the narcotics to the lead SLED agent, who

2

immediately sealed the narcotics in a labeled SLED evidence kit for delivery to the SLED laboratory for testing. The agent did not testify as to exactly when he delivered the evidence to the laboratory, and the SLED worker who initially received the evidence kit did not testify at trial. However, the forensic chemist who analyzed the narcotics evidence testified that the evidence kit was sealed when she received it on March 2, 2016, and that the substance in the kit was 26.35 grams of crack cocaine. Both the agent and the chemist positively identified the narcotics introduced at trial as the same narcotics that they, respectively, seized and analyzed. In light of this testimony, and the lack of any indicia that anyone altered or tampered with the narcotics, the district court did not abuse its discretion in deciding that the Government met its burden to authenticate the narcotics under Rule 901(a).

We therefore affirm the district court's judgment. We also deny Roberts' motion to file a pro se brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
